**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **BILLJCO, LLC** | Civil Action No. 6:21-cv-528 |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **APPLE INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff BillJCo, LLC ("BillJCo" or "Plaintiff"), by its undersigned counsel, for its Complaint against defendant Apple, Inc. ("Apple" or "Defendant"), states as follows:

## I.    NATURE OF THE ACTION

1.      This is a civil action arising under the patent laws of the United States, 35 U.S.C. §1 et seq., including 35 U.S.C. §271, based on Apple's unauthorized and willful infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating BillJCo's patented inventions.

2.      BillJCo is owner of all right, title, and interest in and to multiple United States patents and patent applications including United States Patent Nos. 8,566,839 (the '839 Patent); 8,639,267 (the '267 Patent); 8,761,804 (the '804 Patent); 9,088,868 (the '868 Patent); 10,292,011 (the '011 Patent); 10,477,994 (the '994 Patent) (collectively, "the Patents-in-Suit").

3.      Apple manufactures, provides, sells, offers for sale, imports, and/or distributes products and services which directly infringe the Patents-in-Suit.  The Patents-in-Suit represent

1

BillJCo.'s significant investment into the Bluetooth Low Energy ("BLE") beacon technology space.

## II.        THE PARTIES

4.        Plaintiff BillJCo, LLC is a Texas limited liability corporation with its principal place of business located at 1704 Katherine Court, Flower Mound, TX 75022. Mr. Bill Johnson ("Mr. Johnson") is the sole member of BillJCo and is the inventor of the Patents-in-Suit and related patents in the patent portfolio.

5.        Defendant Apple, Inc. is a California corporation, with several offices and retail locations located in Austin, Texas including regular and established places of business at 12545 Riata Vista Circle, Austin, Texas 78727, 2901 S. Capital of Texas Hwy, Austin, Texas 78746, and at 3121 Palm Way, Austin, Texas 78758.

6.        On information and belief, Apple is in the process of establishing a second headquarters to be located at 6900 W. Parmer Lane, Austin, TX 78729.

7.        Apple can be served with process through its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 7520.

## III.       JURISDICTION AND VENUE

8.        This is an action for patent infringement, which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 282, 284, and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9.        The Court has personal jurisdiction over Apple because it has committed acts giving rise to this action within Texas and within this judicial district.  Apple also regularly does business or solicits business in this District and in Texas, engages in other persistent course of conduct and derives substantial revenue from products and/or services provided in this District

2

and in Texas, and has purposefully established substantial, systematic and continuous contacts with this District and should reasonably expect to be sued in a court in this District.

10.     For example, Apple has a regular and established place of business in the State of Texas and in this District, including an office located at 12545 Riata Vista Circle, Austin, Texas 78727, and is in the process of building out its second worldwide headquarters at 6900 W. Parmer Lane, Austin, TX 78729, including construction of a hotel. Apple also operates retail stores in this District, conducts business with customers residing in this District, and offers support service to customers in this District and Texas.

11.     Apple has committed acts of patent infringement in this District and elsewhere in Texas.

12.     Apple continues to grow its presence in this District, further cementing its ties to this District.  Apple operates a website and various advertising campaigns that solicit sales of the infringing products by consumers in the District and in Texas.  Apple has entered into partnerships with numerous resellers and distributors to sell and offer for sale the Accused Products to consumers in this District, both online and in stores, and offers support services to customers in this District.

13.     On information and belief, Apple operates brick-and-mortar retail establishments ("Apple Stores") at Barton Creek Square, Austin, Texas and at Apple Domain Northside, Austin, Texas.

14.     Each of these Apple Store locations offer for sale and sell Apple products, including Apple iPhone products and Apple iPad products, which are configured and conformed to practice and implement the iBeacon protocol and specification.

15.     On information and belief, the Best Buy store at 4627 S. Jack Kultgen Expy., Waco, TX 76706 also sells Apple products including Apple iPhone products and Apple iPad products.

16.     Apple is registered to do business in Texas and maintains an agent authorized to receive service of process within Texas.  Given these contacts, the Court's exercise of jurisdiction over Apple will not offend traditional notions of fair play and substantial justice.

17.     Venue is proper in the Western District of Texas under 28 U.S.C. §§1391 and 1400(b) because Apple has an established place of business in this District, including at 12545 Riata Vista Circle, Austin, Texas 78727, has committed acts within this District giving rise to this action and resulting in the derivation of substantial revenue from goods and services provided to customers in Texas, and Apple continues to conduct business in this District, including one or more acts of selling, using, importing, and/or offering for sale infringing goods and/or performing support service to Apple's customers in this District.

18.     Venue is also convenient as BillJCo is a registered Texas Limited Liability Company located in Texas.  Similarly, BillJCo member and inventor of the Patents-in-Suit, Mr. Johnson, lives and resides in Texas.  As such, various evidence and sources of proof relating to the Patents-in-Suit and this case also are located in and reside in Texas.

IV.     **FACTUAL ALLEGATIONS**

*BillJCo's Technology and Patents-in-Suit*

19.     Beacon technology generally relates to a class of BLE hardware transmitters that broadcast, among other things, their identifier to nearby electronic devices where different information can be received, processed, analyzed, and ultimately presented to a user to, for example, enhance a user's or customer's experience.

4

20.     The BillJCo patent portfolio includes thirty-three (33) issued and enforceable United States patents ("the Patent Portfolio") directed to the beacon technology ecosystem which have resulted from the innovation, ingenuity, and work of BillJCo member and inventor William J. Johnson.  The Patent Portfolio claims an earliest priority date of March 14, 2008.

21.     The Patents-in-Suit are part of the Patent Portfolio and relate to specific and particularized inventions for, and associated with, this beacon technology and the related protocols and specifications which facilitate and enable aspects of the beacon technology ecosystem including devices capable of implementing beacon standards and specifications, manufacturers of beacon transmitting devices, application developers, and beacon deployers.  In particular, the Patents-in-Suit also teach and disclose – among other things – systems and methods for broadcasting and beaconing related identifiers, applications, and location information for use within the beacon ecosystem.

22.     On October 22, 2013, the '839 Patent entitled "System and Method for Automated Content Presentation Objects" was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '839 Patent is attached hereto as Exhibit A.

23.     On January 28, 2014, the '267 Patent entitled "System and Method for Location Based Exchanges of Data Facilitating Distributed Locational Applications" was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '267 Patent is attached hereto as Exhibit B.

24.     On June 24, 2014, the '804 Patent entitled "System and Method for Location Based Exchanges of Data Facilitating Distributed Locational Applications" was duly and legally

issued by the United States Patent and Trademark Office.  A true and accurate copy of the '804 Patent is attached hereto as Exhibit C.

25.     On July 21, 2015, the '868 Patent entitled "Location Based Exchange Permissions" was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '868 Patent is attached hereto as Exhibit D.

26.     On May 14, 2019, the '011 Patent entitled "System and Method for Location Based Exchange Network" was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '011 Patent is attached hereto as Exhibit E.

27.     On November 19, 2019, the '994 Patent entitled "System and Method for Location Based Exchanges of Data Facilitating Distributed Locational Applications" was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '994 Patent is attached hereto as Exhibit F.

28.     The Patents-in-Suit are valid and enforceable.

29.     As of the priority date, the inventions as claimed in the Patents-in-Suit were novel, non-obvious, unconventional, and non-routine.

30.     BillJCo, LLC is the assignee of and owns all right, title, and interests in the Patents-in-Suit, including the right to receive a reasonable royalty, and recovery of any and all other damages for all past and future infringement thereof.

### Apple's iBeacon Protocol

31.     In or around June 2013, Apple publicly announced its rollout of it IOS 7 and its BLE iBeacon initiative.

32.     This iBeacon initiative included the commercialization of an ecosystem including Apple's iBeacon protocol for use by application developers, parties deploying devices with iBeacon technology and parties making devices with iBeacon technology.

6

38547294.1

33. Central to this ecosystem is Apple's iBeacon protocol is a technology standard for enabling location awareness for interaction of devices, such as Apple's iPhones and other iOS devices, with beacon transmitters and various applications which can be used, for example, to determine a device's physical location, track customers, or trigger location-based action on a device.

34. Through its iBeacon protocol, Apple has standardized the technology data packet consisting of at least the following pieces of information of iBeacon prefix, universally unique identifier (UUID), Major, Minor, and Tx Power:

| Field | Size | Description |
|-------|------|-------------|
| UUID | 16 bytes | Application developers should define a UUID specific to their app and deployment use case. |
| Major | 2 bytes | Further specifies a specific iBeacon and use case. For example, this could define a sub-region within a larger region defined by the UUID. |
| Minor | 2 bytes | Allows further subdivision of region or use case, specified by the application developer. |

The UUID, major and minor values provide the identifying information for the iBeacon. Generally speaking, this information is hierarchical in nature with the major and minor fields allowing for subdivision of the identity established by the UUID. UUIDs can be generated by using the uuidgen command line utility in OS X, or programmatically using the NSUUID Foundation class.

The following table shows examples of how these values may be used for a nationwide retail store. The UUID is shared by all locations. This allows an iOS device to use a single identifier to recognize *any* of the stores with a single region. Each specific store, San Francisco, Paris, and London, is then assigned a unique major value, allowing a device to identify which specific store it is in. Within each individual store, departments are given separate minor values, although these are the same across stores to make it easier for an app on a device to readily identify departments.

| Store Location | | San Francisco | Paris | London |
|----------------|--|---------------|-------|--------|
| UUID | | D9B9EC1F-3925-43D0-80A9-1E39D4CEA95C | | |
| Major | | 1 | 2 | 3 |
| Minor | Clothing | 10 | 10 | 10 |
| | Housewares | 20 | 20 | 20 |
| | Automotive | 30 | 30 | 30 |

Using this information, an iOS device could identify when it has entered or left one of the stores, which specific store it is, and what department the user might be standing in. These values are determined by the person or organization deploying the beacon device. UUIDs, and major & minor values are not registered with Apple.

35. Thus, to participate you must comply with Apple's iBeacon protocol and specification.

### *Apple's Infringing Instrumentalities*

36.     Apple makes, imports, uses, offers for sale, and sells in the United States devices that conform to and implement the iBeacon protocol and infringe the Patents-in-Suit. This includes devices that operate in compliance with BLE implementing IOS 7 and higher such as: 1) iPhone 4s, iPhone 5, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone X, iPhone XR, iPhone XS, iPhone XS Max, iPhone 11, iPhone 11 Pro, iPhone 11 Pro Max, iPhone 12 mini, iPhone 12, iPhone 12 Pro, and iPhone 12 Pro Max and 2) iPad (3rd, 4th, 5th, 6th, 7th, and 8th generation), iPad 2, iPad Mini, iPad Mini 2, iPad Mini 3, iPad mini 4, iPad Pro, iPad Air, and iPad Air 2. Apple may also have infringed the Patents-in-Suit through other software and devices utilizing the same or reasonably similar functionality. (collectively the "Accused Infringing Instrumentalities").

37.     The Accused Infringing Instrumentalities are also used to create a communications system where a device operates as a beacon that transmits a series of messages that include data fields arranged in accordance with the BLE protocol and another device receives such a message and is capable of receiving data, including location data, contained in the inquiry message.

38.     Apple has been aware that it infringes the Patents-in-Suit since at least June 5, 2019 upon it receiving a letter from BillJCo regarding the Patents-in-Suit.  Since obtaining knowledge of its infringing activities, Apple has failed to cease its infringing activities.

39.     On information and belief, Apple has been aware that it infringes the Patents-in-Suit since many of the Patents-in-Suit, as well as others patents in the Patent Portfolio, were cited during prosecution of Apple's own patents.  For example, the '267 Patent was cited by a patent examiner on September 3, 2014 during Apple's prosecution of its U.S. Patent Appl. No. 13/373,966 in which Mr. Johnson was also listed as the inventor.

40.     Apple has infringed, and continues to infringe, claims of the Patents-In-Suit in the United States by making, using, offering for sale, selling and/or importing the Accused Infringing Instrumentalities in violation of 35 U.S.C. §271(a).

41.     Apple induces infringement by others of one or more claims of the Patents-in-Suit in violation of 35 U.S.C. §271(b) in aiding, instructing, promoting, encouraging or otherwise acting with the intent to cause other parties, including customers, developers, and third-party manufacturers, to use its Accused Infringing Instrumentalities. Apple is aware of the Patents-in-Suit, at least as of the filing and/or service of this lawsuit, and knows or should have known that the inducing acts described herein constitutes infringement of the Patents-in-Suit.

42.     Apple takes specific steps to actively induce others—such as, for example customers, application developers, and third-party manufacturers—to access, use, and develop programs and applications for the Accused Instrumentalities and intentionally instructs infringing use through training videos, demonstrations, brochures, installation and user guides, such as those located at: https://developer.apple.com/ibeacon/;

https://developer.apple.com/ibeacon/Getting-Started-with-iBeacon.pdf

https://developer.apple.com/hardwaredrivers/BluetoothDesignGuidelines.pdf;

https://developer.apple.com/library/content/documentation/UserExperience/Conceptual/Location AwarenessPG/RegionalMonitoring/RegionalMonitoring.html.

43.     Apple has also infringed, and continues to infringe the Patents-In-Suit by offering to commercially distribute, commercially distributing, or importing Accused Infringing Instrumentalities which are used in practicing the processes, or using the systems of the Patents-In-Suit, and constitute a material part of the invention.  Apple knows portions of the Accused Devices to be especially made or especially adapted for use in infringement of the Patents-in-

9

Suit, not a staple article, and not a commodity of commerce suitable for substantially

noninfringing use.  Apple is therefore liable for infringement of the Patents-in-Suit under 35

U.S.C. §271(c).

44.     Apple undertook and continues its infringing actions despite that it knew and/or

should have known that its actions constituted an unjustifiably high risk that its activities

infringed the Patents-in-Suit, which were duly issued by the USPTO, and are presumed valid.

For example, since at least the filing of this action, Apple has been aware of the unjustifiably

high risk that its actions constituted and continue to constitute infringement of the Patents-in-

Suit, and that the Patents-in-Suit are valid.  On information and belief, Apple could not

reasonably, subjectively believe that its actions do not constitute infringement of the Patents-in-

Suit, and it could not reasonably, subjectively believe that the Patents-in-Suit are invalid.

Despite this knowledge and subjective belief, and the unjustifiably high risk that its actions

constitute infringement, Apple has continued its infringing activities.  As such. Apple willfully

infringes the Patents-in-Suit.

### COUNT I: INFRINGEMENT OF THE '839 PATENT

45.     BillJCo incorporates all previous paragraphs by reference as if fully stated herein.

46.     BillJCo owns all substantial rights, interest, and title in and to the '839 Patent,

including the sole and exclusive right to prosecute this action and enforce the '839 Patent against

infringers, and to collect damages for all relevant times.

47.     The '839 Patent describes in technical detail each of the limitations of the claims,

allowing a skilled artisan to understand the scope of the claims and how the non-conventional

and non-generic combination of claim limitations is patentably distinct from and improved upon

what may have been conventional or generic in the art at the time of the invention.

38547294.1

48.     As set forth in the attached exemplary non-limiting Claim Chart (Exhibit G), Apple, without authorization or license from BillJCo, has been and is presently directly infringing, literally or under the doctrine of equivalents, at least one claim of the '839 Patent, pursuant to 35 U.S.C. §271(a), including through making, using, selling, and/or offering for sale in the United States the Accused Infringing Instrumentalities, and/or importing into the United States, methods, services, systems, and products made in accordance with the '839 Patent. Apple is thus liable for direct infringement of the '839 Patent pursuant to 35 U.S.C. §271(a).

49.     Apple actively induces infringement of at least one claim of the '839 Patent by selling the Accused Infringing Instrumentalities with instructions as to how to use the Accused Infringing Instrumentalities in a system or method such as recited in the '839 Patent.  Apple aids, instructs, or otherwise acts with the intent to cause an end user to use the Accused Infringing Instrumentalities.  Apple knew of the '839 Patent and knew that its use and sale of the Accused Infringing Instrumentalities infringe at least one claim of the '839 Patent, and Apple is thus liable for inducement of the '839 Patent pursuant to 35 U.S.C. §271(b).

50.     Apple is also liable for contributory infringement of at least one claim of the '839 Patent by providing, and by having knowingly provided, a material part of the instrumentalities, namely the Accused Infringing Instrumentalities, used to infringe at least one claim of the '839 Patent.  The Accused Infringing Instrumentalities have no substantial non-infringing uses.  Apple knew that the Accused Infringing Instrumentalities were especially made for use in an infringing manner prior to the filing of this lawsuit.  For at least the reasons set forth above, Apple contributes to the infringement of the '839 Patent by others.

51.     To the extent 35 U.S.C. § 287 is determined to be applicable, its requirements have been satisfied with respect to the '839 Patent.

52.     BillJCo has been damaged as a result of the infringing conduct by Apple alleged above.  Thus, Apple is liable to BillJCo in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty and in an amount yet to be determined. BillJCo is also entitled to receive such other and further relief, as this Court deems just and proper.

53.     BillJCo is further informed, and on this basis alleges, that Apple's infringement of the '839 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to BillJCo pursuant to 35 U.S.C. §§ 284-285. As noted above, Apple has had knowledge of the '839 Patent or at least was willfully blind to its infringement, as well as related patents and patent applications, and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for BillJCo patent rights. Thus, Apple's infringing actions have been and continue to be consciously wrongful.

54.     Apple's use of the '839 Patent is not licensed or authorized by BillJCo in any way. BillJCo has not licensed the '839 Patent to Apple.

## COUNT II: INFRINGEMENT OF THE '267 PATENT

55.     BillJCo owns all substantial rights, interest, and title in and to the '267 Patent, including the sole and exclusive right to prosecute this action and enforce the '267 Patent against infringers, and to collect damages for all relevant times.

56.     The '267 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional

and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been conventional or generic in the art at the time of the invention.

57.     As set forth in the attached exemplary non-limiting Claim Chart (Exhibit H), Apple, without authorization or license from BillJCo, has been and is presently directly infringing, literally or under the doctrine of equivalents, at least one claim of the '267 Patent, pursuant to 35 U.S.C. §271(a), including through making, using, selling, and/or offering for sale in the United States the Accused Infringing Instrumentalities, and/or importing into the United States, methods, services, systems, and products made in accordance with the '267 Patent. Apple is thus liable for direct infringement of the '267 Patent pursuant to 35 U.S.C. §271(a).

58.     Apple actively induces infringement of at least one claim of the '267 Patent by selling the Accused Infringing Instrumentalities with instructions as to how to use the Accused Infringing Instrumentalities in a system or method such as recited in the '267 Patent. Apple aids, instructs, or otherwise acts with the intent to cause an end user to use the Accused Infringing Instrumentalities. Apple knew of the '267 Patent and knew that its use and sale of the Accused Infringing Instrumentalities infringe at least one claim of the '267 Patent, and Apple is thus liable for inducement of the '267 Patent pursuant to 35 U.S.C. §271(b).

59.     Apple is also liable for contributory infringement of at least one claim of the '267 Patent by providing, and by having knowingly provided, a material part of the instrumentalities, namely the Accused Infringing Instrumentalities, used to infringe at least one claim of the '267 Patent. The Accused Infringing Instrumentalities have no substantial non-infringing uses. Apple knew that the Accused Infringing Instrumentalities were especially made for use in an infringing manner prior to the filing of this lawsuit. For at least the reasons set forth above, Apple contributes to the infringement of the '267 Patent by others.

13

60.     To the extent 35 U.S.C. § 287 is determined to be applicable, its requirements have been satisfied with respect to the '267 Patent.

61.     BillJCo has been damaged as a result of the infringing conduct by Apple alleged above.  Thus, Apple is liable to BillJCo in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty and in an amount yet to be determined. BillJCo. is also entitled to receive such other and further relief, as this Court deems just and proper.

62.     BillJCo is further informed, and on this basis alleges, that Apple's infringement of the '267 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to BillJCo pursuant to 35 U.S.C. §§ 284-285. As noted above, Apple has had knowledge of the '267 Patent or at least was willfully blind to its infringement, as well as related patents and patent applications, and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for BillJCo patent rights. Thus, Apple's infringing actions have been and continue to be consciously wrongful.

63.     Apple's use of the '267 Patent is not licensed or authorized by BillJCo in any way. BillJCo has not licensed the '267 Patent to Apple.

## COUNT III: INFRINGEMENT OF THE '804 PATENT

64.     BillJCo owns all substantial rights, interest, and title in and to the '804 Patent, including the sole and exclusive right to prosecute this action and enforce the '804 Patent against infringers, and to collect damages for all relevant times.

14

65.     The '804 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been conventional or generic in the art at the time of the invention.

66.     As set forth in the attached exemplary non-limiting Claim Chart (Exhibit I), Apple, without authorization or license from BillJCo, has been and is presently directly infringing, literally or under the doctrine of equivalents, at least one claim of the '804 Patent, pursuant to 35 U.S.C. §271(a), including through making, using, selling, and/or offering for sale in the United States the Accused Infringing Instrumentalities, and/or importing into the United States, methods, services, systems, and products made in accordance with the '804 Patent. Apple is thus liable for direct infringement of the '804 Patent pursuant to 35 U.S.C. §271(a).

67.     Apple actively induces infringement of at least one claim of the '804 Patent by selling the Accused Infringing Instrumentalities with instructions as to how to use the Accused Infringing Instrumentalities in a system or method such as recited in the '804 Patent. Apple aids, instructs, or otherwise acts with the intent to cause an end user to use the Accused Infringing Instrumentalities. Apple knew of the '804 Patent and knew that its use and sale of the Accused Infringing Instrumentalities infringe at least one claim of the '804 Patent, and Apple is thus liable for inducement of the '804 Patent pursuant to 35 U.S.C. §271(b).

68.     Apple is also liable for contributory infringement of at least one claim of the '804 Patent by providing, and by having knowingly provided, a material part of the instrumentalities, namely the Accused Infringing Instrumentalities, used to infringe at least one claim of the '804 Patent. The Accused Infringing Instrumentalities have no substantial non-infringing uses. Apple knew that the Accused Infringing Instrumentalities were especially made for use in an infringing

manner prior to the filing of this lawsuit.  For at least the reasons set forth above, Apple

contributes to the infringement of the '804 Patent by others.

69.     To the extent 35 U.S.C. § 287 is determined to be applicable, its requirements

have been satisfied with respect to the '804 Patent.

70.     BillJCo has been damaged as a result of the infringing conduct by Apple alleged

above.  Thus, Apple is liable to BillJCo in an amount that compensates it for such infringement,

which by law cannot be less than a reasonable royalty and in an amount yet to be determined.

BillJCo. is also entitled to receive such other and further relief, as this Court deems just and

proper.

71.     BillJCo is further informed, and on this basis alleges, that Apple's infringement of

the '804 Patent has been and continues to be deliberate and willful, and, therefore, this is an

exceptional case warranting an award of enhanced damages for up to three times the actual

damages awarded and attorney's fees to BillJCo pursuant to 35 U.S.C. §§ 284-285. As noted

above, Apple has had knowledge of the '804 Patent or at least was willfully blind to its

infringement, as well as related patents and patent applications, and its infringement thereof, and

yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with

reckless disregard for BillJCo patent rights. Thus, Apple's infringing actions have been and

continue to be consciously wrongful.

72.     Apple's use of the '804 Patent is not licensed or authorized by BillJCo in any

way. BillJCo has not licensed the '804 Patent to Apple.

## COUNT IV: INFRINGEMENT OF THE '868 PATENT

73.     BillJCo owns all substantial rights, interest, and title in and to the '868 Patent,

including the sole and exclusive right to prosecute this action and enforce the '868 Patent against

infringers, and to collect damages for all relevant times.

74.     The '868 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been conventional or generic in the art at the time of the invention.

75.     As set forth in the attached exemplary non-limiting Claim Chart (Exhibit J), Apple, without authorization or license from BillJCo, has been and is presently directly infringing, literally or under the doctrine of equivalents, at least one claim of the '868 Patent, pursuant to 35 U.S.C. §271(a), including through making, using, selling, and/or offering for sale in the United States the Accused Infringing Instrumentalities, and/or importing into the United States, methods, services, systems, and products made in accordance with the '868 Patent. Apple is thus liable for direct infringement of the '868 Patent pursuant to 35 U.S.C. §271(a).

76.     Apple actively induces infringement of at least one claim of the '868 Patent by selling the Accused Infringing Instrumentalities with instructions as to how to use the Accused Infringing Instrumentalities in a system or method such as recited in the '868 Patent. Apple aids, instructs, or otherwise acts with the intent to cause an end user to use the Accused Infringing Instrumentalities. Apple knew of the '868 Patent and knew that its use and sale of the Accused Infringing Instrumentalities infringe at least one claim of the '868 Patent, and Apple is thus liable for inducement of the '868 Patent pursuant to 35 U.S.C. §271(b).

77.     Apple is also liable for contributory infringement of at least one claim of the '868 Patent by providing, and by having knowingly provided, a material part of the instrumentalities, namely the Accused Infringing Instrumentalities, used to infringe at least one claim of the '868 Patent. The Accused Infringing Instrumentalities have no substantial non-infringing uses. Apple knew that the Accused Infringing Instrumentalities were especially made for use in an infringing

17

manner prior to the filing of this lawsuit.  For at least the reasons set forth above, Apple contributes to the infringement of the '868 Patent by others.

78.     To the extent 35 U.S.C. § 287 is determined to be applicable, its requirements have been satisfied with respect to the '868 Patent.

79.     BillJCo has been damaged as a result of the infringing conduct by Apple alleged above.  Thus, Apple is liable to BillJCo in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty and in an amount yet to be determined. BillJCo. is also entitled to receive such other and further relief, as this Court deems just and proper.

80.     BillJCo is further informed, and on this basis alleges, that Apple's infringement of the '868 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to BillJCo pursuant to 35 U.S.C. §§ 284-285. As noted above, Apple has had knowledge of the '868 Patent or at least was willfully blind to its infringement, as well as related patents and patent applications, and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for BillJCo patent rights. Thus, Apple's infringing actions have been and continue to be consciously wrongful.

81.     Apple's use of the '868 Patent is not licensed or authorized by BillJCo in any way. BillJCo has not licensed the '868 Patent to Apple.

## COUNT V: INFRINGEMENT OF THE '011 PATENT

82.     BillJCo owns all substantial rights, interest, and title in and to the '011 Patent, including the sole and exclusive right to prosecute this action and enforce the '011 Patent against infringers, and to collect damages for all relevant times.

18

83.     The '011 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been conventional or generic in the art at the time of the invention.

84.     As set forth in the attached exemplary non-limiting Claim Chart (Exhibit K), Apple, without authorization or license from BillJCo, has been and is presently directly infringing, literally or under the doctrine of equivalents, at least one claim of the '011 Patent, pursuant to 35 U.S.C. §271(a), including through making, using, selling, and/or offering for sale in the United States the Accused Infringing Instrumentalities, and/or importing into the United States, methods, services, systems, and products made in accordance with the '011 Patent. Apple is thus liable for direct infringement of the '011 Patent pursuant to 35 U.S.C. §271(a).

85.     Apple actively induces infringement of at least one claim of the '011 Patent by selling the Accused Infringing Instrumentalities with instructions as to how to use the Accused Infringing Instrumentalities in a system or method such as recited in the '011 Patent. Apple aids, instructs, or otherwise acts with the intent to cause an end user to use the Accused Infringing Instrumentalities. Apple knew of the '011 Patent and knew that its use and sale of the Accused Infringing Instrumentalities infringe at least one claim of the '011 Patent, and Apple is thus liable for inducement of the '011 Patent pursuant to 35 U.S.C. §271(b).

86.     Apple is also liable for contributory infringement of at least one claim of the '011 Patent by providing, and by having knowingly provided, a material part of the instrumentalities, namely the Accused Infringing Instrumentalities, used to infringe at least one claim of the '011 Patent. The Accused Infringing Instrumentalities have no substantial non-infringing uses. Apple

19

knew that the Accused Infringing Instrumentalities were especially made for use in an infringing manner prior to the filing of this lawsuit.  For at least the reasons set forth above, Apple contributes to the infringement of the '011 Patent by others.

87.     To the extent 35 U.S.C. § 287 is determined to be applicable, its requirements have been satisfied with respect to the '011 Patent.

88.     BillJCo has been damaged as a result of the infringing conduct by Apple alleged above.  Thus, Apple is liable to BillJCo in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty and in an amount yet to be determined. BillJCo. is also entitled to receive such other and further relief, as this Court deems just and proper.

89.     BillJCo is further informed, and on this basis alleges, that Apple's infringement of the '011 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to BillJCo pursuant to 35 U.S.C. §§ 284-285. As noted above, Apple has had knowledge of the '011 Patent or at least was willfully blind to its infringement, as well as related patents and patent applications, and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for BillJCo patent rights. Thus, Apple's infringing actions have been and continue to be consciously wrongful.

90.     Apple's use of the '011 Patent is not licensed or authorized by BillJCo in any way. BillJCo has not licensed the '011 Patent to Apple.

38547294.1

## COUNT VI: INFRINGEMENT OF THE '994 PATENT

91.     BillJCo owns all substantial rights, interest, and title in and to the '994 Patent, including the sole and exclusive right to prosecute this action and enforce the '994 Patent against infringers, and to collect damages for all relevant times.

92.     The '994 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been conventional or generic in the art at the time of the invention.

93.     As set forth in the attached exemplary non-limiting Claim Chart (Exhibit L), Apple, without authorization or license from BillJCo, has been and is presently directly infringing, literally or under the doctrine of equivalents, at least one claim of the '994 Patent, pursuant to 35 U.S.C. §271(a), including through making, using, selling, and/or offering for sale in the United States the Accused Infringing Instrumentalities, and/or importing into the United States, methods, services, systems, and products made in accordance with the '994 Patent. Apple is thus liable for direct infringement of the '994 Patent pursuant to 35 U.S.C. §271(a).

94.     Apple actively induces infringement of at least one claim of the '994 Patent by selling the Accused Infringing Instrumentalities with instructions as to how to use the Accused Infringing Instrumentalities in a system or method such as recited in the '994 Patent.  Apple aids, instructs, or otherwise acts with the intent to cause an end user to use the Accused Infringing Instrumentalities.  Apple knew of the '994 Patent and knew that its use and sale of the Accused Infringing Instrumentalities infringe at least one claim of the '994 Patent, and Apple is thus liable for inducement of the '994 Patent pursuant to 35 U.S.C. §271(b).

95.     Apple is also liable for contributory infringement of at least one claim of the '994 Patent by providing, and by having knowingly provided, a material part of the instrumentalities,

21

namely the Accused Infringing Instrumentalities, used to infringe at least one claim of the '994 Patent.  The Accused Infringing Instrumentalities have no substantial non-infringing uses.  Apple knew that the Accused Infringing Instrumentalities were especially made for use in an infringing manner prior to the filing of this lawsuit.  For at least the reasons set forth above, Apple contributes to the infringement of the '994 Patent by others.

96.     To the extent 35 U.S.C. § 287 is determined to be applicable, its requirements have been satisfied with respect to the '994 Patent.

97.     BillJCo has been damaged as a result of the infringing conduct by Apple alleged above.  Thus, Apple is liable to BillJCo in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty and in an amount yet to be determined.  BillJCo. is also entitled to receive such other and further relief, as this Court deems just and proper.

98.     BillJCo is further informed, and on this basis alleges, that Apple's infringement of the '994 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to BillJCo pursuant to 35 U.S.C. §§ 284-285. As noted above, Apple has had knowledge of the '994 Patent or at least was willfully blind to its infringement, as well as related patents and patent applications, and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for BillJCo patent rights. Thus, Apple's infringing actions have been and continue to be consciously wrongful.

38547294.1

99.     Apple's use of the '994 Patent is not licensed or authorized by BillJCo in any way. BillJCo has not licensed the '994 Patent to Apple

## V.    <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38(b), BillJCo hereby demands a trial by jury of any and all issues triable of right before a jury.

## VI.   <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff BillJCo respectfully requests that the Court:

A.     Enter a judgment that Apple has infringed one or more claims of the Patents-in-Suit;

B.     Enter a judgment awarding Plaintiff BillJCo a reasonably royalty and all other damages adequate to compensate it for Defendant Apple's infringement of the Patents-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

C.     Declare that the Patents-in-Suit are valid and enforceable;

D.     Order Apple to pay damages adequate to compensate BillJCo for Apple's infringement, together with interest and costs under 35 U.S.C. § 284;

E.     Order Apple to play supplemental damages to BillJCo, including interest, with an accounting, as needed;

F.     Declare this case exceptional pursuant to 35 U.S.C. § 285;

G.     Declare that Apple's infringement is willful and that the damages awarded to BillJCo should be enhanced up to three times the actual damages awarded;

H.     Award Plaintiff BillJCo its costs, disbursements, expert witness fees, and attorneys' fees incurred in prosecution this action, with interest; and

I.     Award Plaintiff BillJCo other such and further relief, including equitable relief, as this Court deems just and proper.

23

Dated: May 25, 2021                              Respectfully submitted,

                                                 /s/ Brian R. Michalek by permission Claire
                                                 Henry

                                                 Brian R. Michalek (pro hac vice pending)
                                                 Casey Grabenstein (pro hac vice pending)
                                                 Brian Landry (pro hac vice pending)
                                                 Erin Westbrook (pro hac vice pending)
                                                 brian.michalek@saul.com
                                                 casey.grabenstein@saul.com
                                                 brian.landry@saul.com
                                                 erin.westbrook@saul.com
                                                 **Saul Ewing Arnstein & Lehr LLP**
                                                 161 N. Clark St., Suite 4200
                                                 Chicago, IL 60601
                                                 Telephone: 312-876-7100
                                                 Facsimile: 312-876-0288

                                                 *Of Counsel:*

                                                 Claire Abernathy Henry
                                                 Texas State Bar No. 24053063
                                                 E-mail: claire@wsfirm.com
                                                 Andrea L. Fair
                                                 Texas State Bar No. 24078488
                                                 E-mail: andrea@wsfirm.com
                                                 **WARD, SMITH & HILL, PLLC**
                                                 1507 Bill Owens Parkway
                                                 Longview, Texas 75604
                                                 (903) 757-6400 (telephone)
                                                 (903) 757-2323 (facsimile)

                                                 **Attorneys for Plaintiff BillJCo, LLC**