# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### STANDING ORDER IN CIVIL CASES

**Judge Yvonne Gonzalez Rogers**
**(Updated June 1, 2022)**

**1.      Conformity to Rules.** Parties are expected to consult and comply with all provisions of the Local Rules and the Federal Rules of Civil Procedure relating to motions, briefs, continuances, and all other matters, unless specifically superseded by this Standing Order.  Any failure to comply with any of the rules and the Court's Standing Order may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.  Parties are advised that this Standing Order is subject to change without notice and that they should check for the latest revisions on the Court's website at cand.uscourts.gov/ygrorders.

**2.      Scheduling days.**  Prior to noticing a motion, parties shall check the scheduling information on this Court's website to confirm open and available dates.  However, noticed days may be reset as the Court's calendar requires, with order of call to be determined by the Court. Generally, the Court will schedule as follows:

    a.      Case Management Conferences are conducted on Mondays at 2:00 p.m.

    b.      Civil Law and Motion calendar is conducted on Tuesdays at 2:00 p.m.

    c.      Pretrial conferences are conducted on Fridays at 9:30 a.m.  Trials are set to commence on Mondays at 8:00 a.m.

    d.      Before appearing for a matter before this Court, all parties shall check the Court's calendar at cand.uscourts.gov to confirm that their matter is still on calendar. Frequently, the Court will issue a written order and vacate the hearing unless oral argument appears to be necessary.  Where argument is allowed, the Court will attempt to advise counsel in advance of the issues to be addressed.

    The default rule is that all Case Management Conferences are held via Zoom videoconference and all other proceedings are presumed to be in-person.  Parties are advised that the Court may exercise its discretion to deviate from these default rules.  Requests to appear by videoconference may be entertained upon a compelling showing of good cause.  Any changes to the default settings will be communicated via the case docket, public calendar, and/or email correspondence. It is the parties' burden to keep appraised of changes to the Court calendar.

    In addition, if a written request for oral argument is filed before issuance of a ruling stating that a lawyer six or fewer years out of law school will conduct all or most of the oral argument, the Court will entertain oral argument on the principle that young lawyers need more opportunities for appearances than they typically receive.

e.     If a party intends to use audio-visual demonstratives during a hearing (*e.g.,* PowerPoint presentation), it shall provide a copy to opposing parties and the Court no fewer than **24 hours in advance** of the hearing.  If a party requires use of audio-visual equipment in the courtroom, the party shall contact the Courtroom Deputy, Aris Garcia, to make an appointment to test that equipment on a date at least one day in advance of the hearing.

**3.     Changes to Court Calendar**.  No changes to the Court's schedule shall be made except by signed order of the Court and only upon a showing of good cause.  Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make any other procedural changes shall submit a signed stipulation and proposed order, or, if a stipulation is not possible, a Motion for Administrative Relief as contemplated by Civil Local Rule 7-11.  Continuances will be granted only upon a showing of good cause, particularly focusing on evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.  Briefing schedules may not be changed without Court approval.  The Court generally will not approve elongated briefing schedules without sufficient explanation.

Parties seeking to enlarge a filing deadline by way of a Motion for Administrative Relief are admonished to file such a motion in advance of the filing deadline, rather than on the day the filing is due.  *Parties are advised that requests which, in effect, do not allow the Court two weeks from the filing of the last brief until the scheduled hearing date are likely to be denied.*

**4.     Notice of Hearing Location.**  Parties shall notice hearings for the Oakland Federal District Courthouse, 1301 Clay Street, Courtroom 1, Fourth Floor.  However, the courtroom location is subject to change.  Hearings may be held by Zoom videoconference at the Court's discretion.  Parties should check the Court's website, the case docket, and/or notifications posted at the Courthouse leading up to and on the hearing date.

**5.     Chambers Copies**.  *This requirement does not apply to self-represented litigants.*  Chambers copy of all filings *in excess of 15 pages*, inclusive of exhibits and attachments, whether electronically filed or manually filed at the Clerk's Office, shall be submitted to the Clerk's Office in an envelope clearly marked with the case number and "YGR Chambers Copy" for receipt by no later than 12:00 noon the <u>second</u> business day after the document is filed.  Submission by overnight delivery such as Federal Express or UPS is sufficient.

a.     **All chambers' copies must be 3-hole punched** in the left margin in a manner suitable for placement in a 3-ring binder.

b.     Chambers copies **must include tabs between exhibits** and must fasten or attach pages of individual documents together so as to distinguish between separate documents.  Do not use bottom tabs as they do not work well in binders.

c.     **Chambers copies in summary judgment motions:**  Chambers copies of all summary judgment motions and oppositions (including the brief, separate statement, declarations, exhibits, and other supporting documents) are required to be provided by the filing party in a 3-ring binder or binders with tabs separating documents.  Submitting chambers copies of the reply documents in a binder is

optional.  *This requirement does not apply to habeas corpus petitions or summary judgment motions in ERISA or Social Security cases.*

d.   **Chambers copies in administrative motions to seal**: As noted in paragraph 11 below, parties shall provide chambers copies of the ***unredacted*** documents with proposed redacted material highlighted ***only***.  Parties shall not submit chambers copies of the **redacted** versions of documents they seek to seal.

e.   Chambers copies submitted without meeting the above requirements may be rejected, and the party may be required to re-submit.

f.   In motions involving voluminous citations to evidence or records, parties are encouraged to submit chambers copies of their briefing in an electronic format with hyperlinks to the evidence, on flash drives or other removable media.  Parties may request to submit such electronic copies in lieu of paper chambers copies.

**6.**   **Case Management Conference**.  Joint case management statements are required and must be filed **seven** days in advance of the initial case management conference date.

**Updated** joint case management statements are required and must be filed **seven** days in advance of all other case management conferences.  In cases involving litigants unrepresented by counsel, the parties may file separate case management statements.

The format shall follow the Standing Order for All Judges of the Northern District of California re: Contents of Joint Case Management Statement ("CAND CMC Order") found on the Court's website at cand.uscourts.gov/ygr.

a.   These conferences are intended to be substantive and productive.  Accordingly, **each party shall be represented at case management conferences by lead trial counsel or counsel with authority to enter into stipulations and make admissions** pursuant to Fed. R. Civ. P. 16(a) and (c), as well as fully prepared to address all of the matters in the CAND CMC Order and Civil L.R. 16-10(b).  Failure to do so shall be considered grounds for sanctions.  Because of the substantive discussions that occur during case management conferences, telephonic appearances are disfavored.

**7.**   **Proposed Orders Required.**  Each party filing or opposing any motion shall also serve a proposed order that sets forth the relief or action sought and a short statement of the rationale of the decision, including citation of authority that the party requests the Court to adopt, and citations to the record evidence where applicable.  The proposed order should be submitted at the same time as the motion or opposition, with a courtesy copy emailed to ygrpo@cand.uscourts.gov.

**8.**   **Discovery and Discovery Motions.**  The Court does not routinely refer discovery matters to a magistrate judge but may do so at its discretion.  The provisions of this paragraph apply only to cases in which discovery is supervised by this Court.

Except as specifically set forth below, no motions regarding discovery disputes may be filed without prior leave of Court.

a.    **Depositions**:  If a dispute arises during a deposition and involves a persistent obstruction of the deposition or a refusal to answer a material question on the basis of any ground other than privilege or the work-product doctrine, counsel may arrange a telephonic conference with the Court by contacting the Courtroom Deputy, Aris Garcia, at (510) 637-3540.  Any such conference shall be attended by the court reporter recording the deposition.

b.    **Joint Discovery Letter**:  All other requests for discovery relief must be summarized by the parties in **one *joint*** letter brief no longer than **four pages** (two pages per side).  In the joint letter brief, counsel must attest that, prior to filing the request for relief, counsel met and conferred *in person*, and then concisely summarize all remaining issues that counsel were unable to resolve.  **The parties may not file multiple joint letter briefs** irrespective of the number of disputes then at-issue.  If there are multiple disputes at issue, the parties may provide a list of disputes as part of their joint letter brief.

The joint letter brief may cite to limited and specific legal authority only for resolution of dispositive issues.  The joint letter brief may not be accompanied by declarations; however any specific excerpt of disputed discovery material may be attached.  The Court will then advise the parties if additional briefing, a telephonic conference, or a personal appearance will be necessary.

**Note**:  Discovery letter briefs must be e-filed under the Civil Events category of Motions and Related Filings: Motions—General: "Discovery Letter Brief."

c.    **Stipulated Protective Orders**:

1.    Parties submitting proposed forms of stipulated protective order shall include the following language with respect to resolution of designation disputes:

*[6.3    <u>Judicial Intervention</u>.]  If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions.  The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Failure by a Designating Party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation.  If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.*

*In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be*

*accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.*

*The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.*

2. The Northern District provides a model form of Stipulated Protective Order for Standard Litigation at cand.uscourts.gov/model-protective-orders. To the extent the parties' proposed stipulated protective order varies from the model, exclusive of paragraph 6.3 set forth above, the parties shall submit a redline comparison with the model Stipulated Protective Order for Standard Litigation, along with their electronic form of proposed order, to ygrpo@cand.uscourts.gov.

## 9. Motions for Summary Judgment.

a. **Pre-filing Conference Required:** Except as specifically set forth below, no motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure may be filed without prior leave of Court. The moving party must file a letter, with a copy to Chambers and the opposing parties, to request a pre-filing conference, and propose a date and time for such conference. Pre-filing conferences are normally set for Wednesday or Friday afternoons at 2:00 p.m. unless circumstances and the Court's calendar require otherwise, and should be requested sufficiently in advance of the deadlines established in the Court's initial case management order. Appearances via telephone and videoconference will not be allowed.

The moving party's letter shall be submitted at least **seven (7) business days** prior to the proposed conference date and must explain the grounds for the motion. The letter shall be no more than three single-spaced pages in length, *including* any attached exhibits or other supporting papers. Within **three (3) business** days after receipt of the letter, any party who will oppose the motion must file a written response addressing the substance of the moving party's letter, with a copy to Chambers and the moving party. This response shall also be limited to three single-spaced pages, *including* any attached exhibits or supporting papers.

*This pre-filing requirement does not apply to either side in cases where one party is self-represented.* This pre-filing requirement also does not apply to habeas corpus petitions or motions in Social Security appeals.

b. **One Motion Per Side:** All issues shall be contained within one motion, may not exceed twenty-five pages in length, and shall conform to Civil Local Rule 7-2.

**Only one summary judgment motion may be filed collectively <u>per side</u>, absent leave of court.**  Leave of court to file more than one motion may be requested if multiple parties comprise one or both sides.  This issue will be addressed at the Pre-filing Conference.

c.  **Separate Statements:**  Any party moving for summary judgment or opposing summary judgment is required to submit a separate statement as set forth herein.

    *1.*  ***Supporting Separate Statement:***  Parties moving for summary judgment must include a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried ("Supporting Separate Statement").  The Supporting Separate Statement must:  (1) identify the issue or claim number(s) to which the fact relates; and (2) list each asserted material fact and the record evidence (e.g., deposition, declaration, discovery response).  Upon filing, the moving party shall provide the separate statement to all other parties in an electronic, word-processing format for ease of response thereto.  The Supporting Separate Statement must follow this format:

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| Issue 1 (Doe cannot establish breach of contract) | Fact 1. Doe Co. and Acme Co. entered into a written contract for sale of widgets.<br><br>Roe Declaration at 2:17-21 and Exh. A [contract]. | |
| Issue 1 | Fact 2.  Widgets were received by Doe's headquarters on December 1, 2010.<br><br>Roe Declaration at 3:14-19 and Exh. B [signed invoice]. | |

    *2.*  ***Responsive Separate Statement:***  The papers opposing a motion for summary judgment shall include ***one*** Responsive Separate Statement which: (1) incorporates the facts in the moving separate statement; (2) provides a response to each of the facts in the correspondingly numbered paragraph in the moving separate statement; ***and*** (3) identifies any ***additional* material facts** that the party contends will establish a genuine issue to be tried.  For each fact, the Responsive Separate Statement shall state whether the party contends the fact is disputed and the evidence establishing any dispute.  These requirements also apply to any response to additional material facts raised in the opposition.

If the opposing party contends that the fact is in dispute, the party must cite to evidence in the record which establishes the dispute.  Responsive Separate Statements must follow this format:

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| Issue 1 (No breach of contract) | <u>Fact 1</u>. Doe Co. and Acme Co. entered into a written contract for sale of widgets. Roe Decl. at 2:17-21 and Exh. A [contract]. | Undisputed. |
| Issue 1 | <u>Fact 2</u>.  Widgets were received by Doe Co.'s headquarters on December 1, 2010. Roe Decl. at 3:14-19 and Exh. B [invoice]. | Disputed.  No widgets were received.  Jackson Decl., Exh. B [Smith Depo.] at 21:04-23:19. |
| **OPPOSING PARTY'S ADDITIONAL MATERIAL FACTS** | | |
| Issue 1 | <u>Additional Fact 3</u>:  An empty crate was delivered to Doe Co.'s headquarters on December 1, 2010. | Jackson Declaration, Exh. B [Smith Depo.] at 32:06-33:12. |

3. ***Page Limits for Separate Statements:***  Unless a party has obtained prior permission from this Court, the Supporting Separate Statement is limited to no more than fifteen (15) pages, and the Responsive Separate Statement is limited to no more than five (5) additional pages beyond the number of pages in the opening statement.

4. ***Attestation Required for Separate Statements:***  The Supporting and Responsive Separate Statement each **must be signed** by ***lead*** counsel (or by the party, if unrepresented by counsel) who has reviewed the document and can attest as follows:  ***"I attest that the evidence cited herein fairly and accurately supports [or disputes] the facts as asserted."***

d. **Evidence Submitted:**  Parties shall underline, highlight, or otherwise specify lines of the documents and transcripts upon which they rely in support of or opposition to a motion.  As noted in paragraph 5(f), parties are encouraged to submit chambers copies of their briefing in an electronic format with hyperlinks to the evidence.

e. **Cross-Motions:**  Any cross-motion for summary judgment shall be contained within the opposition to any motion for summary judgment, shall contain twenty-five (25) pages or less, and shall be filed fourteen (14) days after the filing of the

motion.  The reply to a motion may contain up to fifteen (15) pages, shall include the opposition to any cross-motion, and shall be filed seven (7) days after the filing of the opposition. (*See* Civil Local Rule 7-3).  The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a reply to any cross-motion.

    **f.**    **Pro Se Employment Actions:**  A party bringing a motion for summary judgment in a pro se employment action must certify compliance with General Order 71 within the motion for summary judgment.

**10.**    **Experts and their Reports.**  All witnesses who will provide expert testimony under Federal Rule of Evidence 702, 703, or 705, whether retained or non-retained, must be disclosed and must provide written reports in compliance with Federal Rule of Civil Procedure 26(a)(2)(B).  All expert reports shall number each paragraph to facilitate any motion practice challenging the specifics of any opinions and shall include a table of contents.  The reports shall list each opinion to be proffered and provide an executive opinion of each.

Any percipient witness who may also testify at trial with technical expertise akin to an independent expert shall be identified by name no later than the date of expert disclosures to allow for deposition, if necessary.

At the time of disclosure of a written report, the disclosing party must identify all written materials upon which the expert relies in that report and produce those materials if they have not done so previously.

**11.**    ***Daubert* Motions.**  Each side is limited to three *Daubert* motions throughout the entire case absent leave of court.  *Daubert* motions must clearly specify the paragraphs or portions of the report that the party seeks to exclude.  Parties are reminded that issues going to the weight and credibility to be given to a report are not proper bases to bring a *Daubert* motion.

**12.**    **Motions to Seal.**  For documents submitted in connection with administrative motions to seal, parties shall provide chambers copies of the **unredacted** documents with proposed redacted material highlighted, as required Civil Local Rule 79-5(d)(1)(D), ***only***.  Do not submit chambers copies of the **redacted** versions of documents sought to be sealed.

    a.    When a designating party files a declaration in support of another party's motion to seal, as required by Civil Local Rule 79-5(e)(1), the designating party must indicate whether they join the administrative motion to seal in whole or in part.  If the designating party narrows the submitting party's sealing request(s), the designating party must specify the requests they concede should not be granted, and submit both: (1) an unredacted version of the document highlighting the narrowed proposed redacted material, and (2) a proposed order consistent with the narrowed request(s).

b.      Proposed orders on administrative motions to seal must conform to the following format:

| Document or Portion of Document Sought to be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Motion at page 2, lines 10–11 | Jones Declaration ¶ 1 | |
| Motion at page 5, lines 4–17 | Jones Declaration ¶ 2 | |

**13.     Amended Complaints and Motions for Leave to Amend.**  In connection with all amended complaints and motions seeking leave to amend pleadings, parties shall submit a redline comparison with the operative pleading to ygrpo@cand.uscourts.gov upon filing of the amended complaint or motion seeking leave to amend.  This requirement does not apply to self-represented parties.

**14.     Securities Cases.**  Within 14 days of service of the complaint (or consolidated complaint), the plaintiff shall file a chart summarizing the information required by 15 U.S.C. § 78u-4(b)(1) and (2), specifically identifying the allegations in the operative complaint as follows: (a) each statement alleged to have been false or misleading; (b) the speaker, date, and medium by which the statement was made; (c) the reason(s) the statement was false or misleading when made; and (d) the facts alleged to show that defendant(s) knew the statement false and/or misleading.  The chart should clearly identify which statements or omissions are attributable to which defendants and, for each such defendant, the facts alleged which give rise to a strong inference that the defendant acted with the required state of mind at the relevant time. **The chart must strictly adhere to the allegations in operative complaint and may not include any new or supplemental information or explanation.**  The chart should be organized in the following format:

| Statement No. | The Speaker(s), Date(s), and Medium | False and Misleading Statements | Reasons Statements Were False and Misleading When Made | Facts Giving Rise to a Strong Inference of Scienter |
|---|---|---|---|---|
| 1 | When: [date] Where: [e.g. Press release] Speakers: [e.g. CEO] (Compl. ¶ ___) | [Direct quotation of the alleged false and misleading statements.] | [Summarize arguments on falsity with specific references to paragraphs in the complaint.] | [Summarize arguments on scienter with specific references to paragraphs in the complaint.] |

**15.     Communication with Court.**  Parties shall not contact Judge Gonzalez Rogers or her chambers staff directly by telephone, facsimile, or any other *ex parte* means, but may contact **Courtroom Deputy Aris Garcia at (510) 637-3540** with appropriate inquiries.  Parties should list their email address as well as their telephone numbers on their papers to facilitate communication with the Courtroom Deputy.  All counsel listed on the parties' briefing must be fully apprised of the status of the pending matter and must be authorized to respond to calendar settings by the Court.

**16.     Service of Standing Orders.**  Plaintiff (or in the case of removed actions, any removing defendant) is directed to serve copies of this Standing Order in Civil Cases and the CAND CMC Order at once upon all parties to their action, and upon those subsequently joined, in accordance with the provisions of Federal Rules of Civil Procedure, Rules 4 and 5, and to file with the Clerk of the Court a certificate reflecting such service, in accordance with Civil Local Rule 5-6(a).

**17.     Notices of Settlement.**  Any notice of settlement sent to the Court must be signed by all parties to the settlement.  Electronically filed notices shall be signed pursuant to Civil Local Rule 5-1(i), including, if applicable, a filer's attestation as provided by Civil Local Rule 5-1(i)(3).

**18.     Unrepresented Parties.**  Parties representing themselves may wish to contact the Legal Help Center, a free program that offers limited legal services to pro se litigants.  The Legal Help Center can provide information, advice, and basic legal help but cannot represent litigants as their lawyers.  Telephone appointments can be scheduled by emailing fedpro@sfbar.org or by calling (415) 782-8982.  Additional information can be found online at https://www.cand.uscourts.gov/pro-se-litigants/.

**19.     Pronouns/Titles.**  Parties and attorneys may indicate their pronouns and titles (*e.g.* Mr., Ms., Mx.) by including them in the name block or signature line of their pleadings, or by submitting a letter directed to chambers.

     IT IS SO ORDERED.

Dated: June 1, 2022

YVONNE GONZALEZ ROGERS
United States District Judge