# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
## STANDING ORDER FOR PATENT CASES
### Judge Yvonne Gonzalez Rogers
### (Revised January 31, 2022)

1. **Joint Claim Construction Statement:**

    a. The initial claim construction statement required by Patent Local Rule 4-3 shall be ***joint***. Disputed terms, phrases, and clauses shall be designated as disputed. All other terms shall be presumed undisputed. For any term in dispute, the parties must agree on the identity of the term. For each claim, each party shall identify with specificity the intended impact of the proposed constructions on the merits of the case.

    b. With respect to disputed terms, phrases, or clauses, the joint statement shall list: each disputed term, phrase, or clause (listed by claim); each party's proposed construction; support for each party's proposed construction side by side; and each party's impact statement for each term to be construed. A model construction statement is attached hereto as *Exhibit A*.

    c. Parties shall attach to the joint claim construction statement copies of all patents in dispute. Parties shall also make a complete prosecution history for each patent available to the Court upon request.

2. **Claim Construction**

    a. As an initial matter, the Court will construe no more than ten terms. If more than ten terms are at issue, the parties shall meet and confer before the preparation of the joint claim construction statement on narrowing the selection of terms to be construed by the Court and shall jointly propose the ten terms requiring construction.

    b. If a party genuinely believes that it will require that more than ten terms be construed, that party may request leave to designate additional terms for construction, pursuant to Civil Local Rule 7-11(b). The requesting party must demonstrate good cause and explain why other methods of limiting the claims at issue (such as the selection of representative claims or any grouping of claims by issues presented) would be ineffective. The request must be filed no later than two weeks before the deadline for filing the joint claim construction statement. If good cause is shown, the Court will either agree to construe all terms or schedule a second claim construction proceeding on the excess terms. If more than ten terms are submitted for construction without leave of court, the Court will construe the first ten terms listed in the joint claim construction statement and sanctions may be imposed.

    c. Claim construction briefs shall address each disputed term, but only those that are truly disputed, following the order of the joint statement. The opening and opposition briefs shall not exceed 25 pages; the reply brief shall not exceed 15 pages.

    d. The Court anticipates that a meaningful meet and confer between the parties preceding the preparation of the joint claim construction statement will obviate the need for a party to propose in its briefs a claim construction that differs from that proposed in the

statement. While the Court encourages the parties to negotiate mutually agreeable constructions, the Court discourages the parties from proposing new constructions for the first time in reply briefs or other filings which do not afford the opposing party an opportunity to respond. However, if it becomes necessary for a party to propose a different construction in its brief than that found in the joint claim construction statement, that party must clearly set forth the new construction and explain the basis for the change. Additionally, that party shall revise the joint claim construction statement, so that the Court will have one document reflecting all current proposed constructions.

e. At the time of filing the reply briefs, the parties shall file an amended joint claim construction statement, including only the remaining disputed terms, phrases, and clauses.

**3.    Tutorial and Claim Construction Hearing**

a. The Court will schedule a tutorial to occur one to three weeks prior to the claim construction hearing. Each side will be permitted 45-60 minutes to present a short summary and explanation of the technology at issue. The party who intends to describe the technology broadly precedes a more narrow description of the technology. Visual aids are encouraged. The parties shall contact the Courtroom Deputy, Aris Garcia, at (510) 637-3540 to make arrangements for testing any audio-visual equipment prior to the tutorial if in person or Zoom requirements if remote.

b. Parties can decide who should make the presentation. No argument will be permitted. As a general matter, the tutorial is not recorded. Parties may not rely on statements made at the tutorial in other aspects of the litigation. The Court, however, encourages the parties to make a joint presentation and will entertain requests for additional time in those circumstances.

c. Prehearing conferences generally are not held. However, either party may request a telephone conference within two weeks prior to the hearing, or the parties may address any prehearing issues at the tutorial.

d. The patent holder will act as the moving party for the purposes of claim construction. Opening briefs in support of claim construction must be filed at least six weeks before the date of the claim construction hearing, and the briefing schedule set forth at Patent Local Rule 4-5 will apply.

e. The Court will not ordinarily hear extrinsic evidence at the claim construction hearing. Should it become apparent that testimony will be necessary, counsel may request a telephone conference with the Court within two weeks of the hearing to seek the Court's approval.

f. Demonstrative exhibits and visual aids are permissible at the hearing so long as they are based on information contained in the papers already filed. Counsel shall exchange copies of exhibits no later than forty-eight hours prior to the hearing.

g. The claim construction hearing generally will be scheduled for no longer than three (3) hours on either Wednesday or Friday afternoon.

4. **Subsequent Case Management Conference**

   a. Upon issuance of the claim construction ruling, the Court will also set a date for a further joint case management conference. In a joint case management statement to be filed fourteen (14) days prior to the conference, the parties must address the following topics:

      i. whether either party wishes to certify the claim construction ruling for immediate appeal to the Federal Circuit;

      ii. the filing of dispositive motions, and timing of those motions;

      iii. if willful infringement has been asserted, whether the allegedly-infringing party wishes to rely on the advice of counsel defense. If so, the parties should be prepared to address proposals for resolving any attorney-client privilege issues that arise, and whether the parties believe bifurcation of the trial into liability and damages phases would be appropriate;

      iv. anticipated post-claim construction discovery;

      v. any other pretrial matters; and

      vi. the progress of settlement discussions, if any.

   b. The Court will review the reports and, if necessary, schedule a further case management conference and enter any appropriate orders.

5. **Miscellaneous**

   a. All stipulated protective orders and filings shall comply with Civil Local Rule 79-5.

   b. For documents submitted in connection with administrative motions to seal, parties shall provide chambers copies of the **unredacted** documents with proposed redacted material highlighted, as required Civil Local Rule 79-5(d)(1)(D), ***only***. Do not submit chambers copies of the **redacted** versions of documents sought to be sealed.

Dated: January 31, 2022

_____
YVONNE GONZALEZ ROGERS
United States District Judge

*Exhibit A*
**Sample Claim Construction Statement**

| 'xxx Patent Claim Language | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| 1. "A method for counting **ducks**, comprising the steps of: . . ." <br><br> *[or alternatively]* <br><br> **Ducks** <br> Found in claim numbers: 'xxx Patent: y, z | PROPOSED CONSTRUCTION: <br> **Duck:** a bird that quacks <br><br> DICTIONARY/TREATISE DEFINITIONS: <br> Webster's Dictionary ("duck: bird that quacks"); <br> Field Guide ("bird call: quack") <br><br> INTRINSIC EVIDENCE: <br> 'xxx Patent col. \_:\_\_ ("distinctive honking"); <br> Prosecution History at \_\_ ("This patent is distinguished from the prior art in that the quacking of the bird is featured"). <br><br> EXTRINSIC EVIDENCE: <br> McDonald Depo. at xx:xx ("I'd say the quacking makes it a duck"); '123 Patent at col \_:\_\_; Donald Decl. at ¶ \_\_ . | PROPOSED CONSTRUCTION: <br> **Duck:** a bird that swims <br><br> DICTIONARY/TREATISE DEFINITIONS: <br> Random House Dictionary ("An aquatic bird"); <br> Field Guide (same) <br><br> INTRINSIC EVIDENCE: <br> 'xxx  Patent col \_:\_\_ ("ducks may be found on or near bodies of water"); <br> Prosecution History at \_\_ ("water fowl are particularly amenable to being counted by this method"). <br><br> EXTRINSIC EVIDENCE: <br> G. Marx Depo at xx:xx ("like a duck to water"); '456 Patent at col \_:\_\_; Daffy Decl. at ¶ \_\_. |
| **Plaintiff's Impact Statement:** | | |
| **Defendant's Impact Statement:** | | |

4